NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


KRISTEN L. BELLANT,                         )
                                            )
        Appellant,                          )
                                            )
v.                                          )        Case No. 2D15-2634
                                            )
GEORGE M. BELLANT,                          )
                                            )
        Appellee.                           )
                                            )
_____     )

Opinion filed May 11, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Susan J. Silverman, Sarasota; and
Melton H. Little of Kallins, Little & Delgado,
P.A., Palmetto, for Appellant.

Peter J. Mackey and Drew F. Chesanek of
Mackey Law Group, P.A., Bradenton, for
Appellee.


LaROSE, Judge.

        Kristen Bellant appeals an order awarding her former husband, George

Bellant, attorney's fees and expenses he incurred in opposing her motion to compel

discovery. The trial court denied that motion. We have jurisdiction. See Fla. R. App. P.

9.030(b)(1)(A). We affirm the trial court's award of attorney's fees pursuant to Florida

Rule of Civil Procedure 1.380(a)(4). However, we vacate that portion of the order finding that the former husband is entitled to attorney's fees because of bad faith conduct by Mrs. Bellant and her counsel. We affirm without further comment on all other issues Mrs. Bellant raised.

During the parties' marital dissolution proceedings, Mrs. Bellant filed a motion to compel the production of documents she requested in an earlier discovery request. Although Mrs. Bellant's counsel scheduled a hearing on the motion, neither Mrs. Bellant nor her counsel appeared at the hearing. Mrs. Bellant's counsel attributes his absence to a scheduling oversight.

The trial court, nevertheless, heard argument by the husband's counsel. The trial court denied Mrs. Bellant's motion to compel, finding that the husband had "produced all documents requested." The order on appeal ruled that the husband was entitled to his reasonable attorney's fees pursuant to Florida Rule of Civil Procedure 1.380(a)(4).[1] The order also stated that the husband was entitled to attorney's fees

---

[1]That rule provides for the award of expenses of a motion as follows:

> Rule 1.380(a)(4) *Award of Expenses of Motion*. . . . If the motion [to compel] is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)

because of Mrs. Bellant's and her counsel's bad faith.[2]  A successor judge denied a motion for rehearing in which Mrs. Bellant's counsel challenged the finding of bad faith.[3]

The successor judge subsequently held a hearing to address remaining issues related to the order denying the wife's motion to compel, including the amount of the attorney's fees to be awarded to the husband.  At that hearing, Mrs. Bellant's counsel made additional, albeit unsuccessful, arguments regarding the previously denied motion for rehearing.  The successor judge stated that he would determine the amount of attorney's fees incurred by the husband in opposing the motion to compel but would not revisit the issue of entitlement.  The underlying dissolution case went to trial, and the trial court entered a final judgment.

After entry of final judgment, the successor judge held an attorney's fee hearing.  Mrs. Bellant's counsel again challenged the finding of bad faith.  The successor judge stated that it did not appear that the motion to compel was filed in bad faith or that the underlying lawsuit was excessively litigated.  Nevertheless, the successor judge was unwilling to revisit a discovery order entered by his predecessor.

After hearing testimony, the successor judge awarded the husband $460 for opposing the motion to compel.  He made no further rulings as to entitlement or as to the correctness of the earlier discovery order.  Rather, the successor judge simply

---

[2]The trial court was concerned that counsel simultaneously filed the motion to compel and sent a letter purporting to comply with the Twelfth Judicial Circuit's Local Rule 5 requirement of good faith effort to resolve a discovery dispute before filing a discovery motion.  The parties cited no authority for the proposition that failing to comply with the requirement of Local Rule 5 equates to bad faith conduct.

[3]Mrs. Bellant appealed the order finding that her husband was entitled to attorney's fees.  We dismissed that appeal as being from a nonfinal, nonappealable order.  Bellant v. Bellant, 171 So. 3d 709 (Fla. 2d DCA 2015) (table decision).

completed the judicial labor necessary to conclude the matter and allow for a possible appeal.

The trial court correctly awarded attorney's fees under rule 1.380(a)(4) because the trial court denied Mrs. Bellant's motion to compel. Therefore, we affirm the attorney's fees award. However, we vacate paragraph 4 of the predecessor judge's order on the wife's motion to compel because it fails to adequately explain what the trial court found to have constituted bad faith by Mrs. Bellant and her counsel. We remand with directions that the trial court strike paragraph 4 from that order.

Affirmed in part, reversed in part, and remanded with instructions.

KHOUZAM and MORRIS, JJ., Concur.